# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.T.**

**No. 12-1419** (Preston County 12-JA-11)

**FILED**

June 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother's appeal, by counsel Sally C. Collins, arises from the Circuit Court of Preston County, wherein the circuit court removed her daughter from her custody by order entered October 24, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, has filed its response. The guardian ad litem, Megan M. Allender, has filed a response on behalf of the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A.T. was the subject of prior abuse and neglect proceedings in Upshur County in 2009. Petitioner Mother's then-husband was accused of sexually abusing A.T. Petitioner was granted an improvement period, which she successfully completed, and A.T. was returned to petitioner in January of 2010. On April 13, 2012, the DHHR filed an abuse and neglect petition against petitioner on the basis of allegations A.T. made to a state trooper regarding sexual abuse by petitioner's boyfriend. On June 18, 2012, the petition was amended to include A.T.'s biological father due to exposure to domestic violence, drug abuse, and emotional abuse while residing with him. The amended petition alleges that A.T. was sexually abused by petitioner's brother,[1] petitioner's boyfriend, and other of petitioner's sexual partners. Additionally, the petition alleged that petitioner did not maintain appropriate housing or employment since the dismissal of the Upshur County case in January of 2010. During an adjudicatory hearing in July of 2012, A.T. recanted earlier statements she made to a state trooper and to a clinical psychologist regarding sexual abuse by petitioner's boyfriend. Ultimately, the circuit court found petitioner to be an abusing parent because she failed to protect A.T. when confronted with sexual abuse, with the current boyfriend and in previous instances. Petitioner did not seek an improvement period. On October 24, 2012, the circuit court placed A.T. into the temporary custody of the DHHR, pursuant to West Virginia Code § 49-6-5(a)(5), following the recommendation of a clinical psychologist who testified in the case and the DHHR.

The Court has previously established the following standard of review:

---

[1] Petitioner Mother's brother, A.T.'s uncle, was convicted of sexually assaulting A.T. in July of 2011.

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996)

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's arguments on appeal are that the allegations in the 2012 petitions were not conditions existing at the time of petitioner's filing, due to A.T.'s conflicting assertions regarding whether Petitioner Mother's boyfriend sexually assaulted her, and that all other allegations date from November of 2011 or before. Petitioner also argues that the disposition set forth in West Virginia Code § 49-6-5(a)(5) was not the least restrictive alternative, and argues that disposition pursuant to West Virginia code § 49-6-5(a)(4) can achieve the same results by ordering terms of supervision prescribing the manner of supervision and care of the child. We agree with the guardian and the DHHR, however, that temporary commitment to the DHHR's custody is the least restrictive alternative because at trial a clinical psychologist testified that A.T. required twenty-four hour care and petitioner did not testify as to how she would address A.T.'s treatment needs. We agree with the DHHR and the guardian that petitioner's actions regarding A.T. cannot be viewed in a vacuum, and that her lifetime of trauma shows a pattern of neglect and indifference by petitioner as to her daughter's sexual abuse, supporting A.T.'s need for treatment away from her mother, temporarily in the custody of the DHHR.

This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that Petitioner Mother is presently unwilling or unable to provide adequately for A.T.'s needs, that continuation in the home is contrary to the best interests of the child, that the DHHR has made reasonable efforts to preserve the family, and that it was an unacceptable risk for A.T. to return to Petitioner Mother's home. Pursuant to West Virginia Code § 49-6-5(a)(5), circuit courts are directed to temporarily remove a child from a parent's custody upon findings that the parent is unwilling or unable to provide adequately for their child's needs. Petitioner's history of disregard for her daughter's sexual abuse also supports the circuit court's holding disallowing petitioner visitation with A.T., as this is the least restrictive alternative in this case.

For the foregoing reasons, we find no error in the decision of the circuit court, and the temporary removal of A.T. from petitioner's custody is hereby affirmed.

Affirmed.

**ISSUED**:  June 10, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3